THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT VAN BRUNT, Appellant.

Where at the time of the passage of the act of 1887 (Chap. 494, Laws of 1887), amending certain provisions of the Code of Criminal Procedure, and among them the provision in reference to appeals to the Court of Appeals, by giving said court jurisdiction to review the facts where the judgment is of death, an appeal from such a judgment was pending in the Supreme Court where the judgment was affirmed, and subsequently an appeal taken to the Court of Appeals. *Held*, that the provision of said act (§ 2); declaring the amendments therein should "not affect any appeal taken and pending in the Supreme Court or the Court of Appeals," at the time the act became a law, did not apply, but should be taken distributively and so that the court could review the facts.

(Argued February 1, 1888; decided February 28, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 5, 1887, which affirmed a judgment of the Court of Oyer and Terminer of the county of Wyoming convicting the defendant of the crime of murder in the first degree.

The following is an extract from the opinion:

"The defense of the prisoner was confined solely to the degree of his crime. The killing was conceded, and no attempt was made to justify or excuse it, but the whole contest at the trial turned upon the inquiry whether the act was deliberate or a sudden and unreflecting outbreak of passion. Evidence was given tending to show that the defendant was subject to severe headaches, and fits resembling the known effects of

epilepsy, and that he had made one or two attempts at suicide, but no claim or defense of insanity was interposed. The circumstances were relied on to make more probable the prisoner's testimony that he fired the shot, which took the life of William Roy, without forethought and upon an instantaneous impulse. The jury, however, were so satisfied that the act was characterized by some degree of deliberation as to have disbelieved his statement to the contrary; and they rendered a verdict of murder in the first degree which the General Term have affirmed.

"The prisoner asks us to review the facts under the law of 1887, amending section 528 of the Code of Criminal Procedure, and to determine upon such review whether the verdict shall stand. The prosecutor insists that the amendment by its terms has no application to this appeal, and relies upon its provision that 'the amendments herein shall not affect any appeal taken to or pending in the Supreme Court or Court of Appeals at the time this act shall become a law.' The appeal to the Supreme Court was taken before the amendment, but that to this court after its enactment. It is possible to construe the terms of the amendment distributively, and we think we ought to do so and not deny to the prisoner the review upon the facts which he seeks by any nice or critical construction of the amendment. Nevertheless, after having read carefully the whole of the evidence given upon the trial, we have reached the same conclusion upon the question of deliberation which prevailed with the jury."

The balance of the opinion is taken up with a discussion of the testimony.

*L. W. Thayer* for appellant.

*E. M. Bartlett* for respondent.

Finch, J., reads for affirmance.
All concur.
Judgment affirmed.